Good morning, Your Honor. Good morning. Good morning, Your Honor. Hearing on behalf of the Petitioner Frank Dawson. Good morning, Mr. President. May it please the Court. Fundamentally, our case really turns on whether or not the November 6, 2001 removal order resulted in a gross miscarriage of justice or due process violation. And Mr. Dawson, who had already received the benefit of a 212C waiver from a prior conviction in California for possession of a controlled substance with the intent to sell, was in removal proceedings again in November 17, 2001. What did we do about the fact that his counsel conceded removability in the second proceeding? There's a legal standard for that, Judge. If it's made an error and it would result in a gross miscarriage of justice, it can be withdrawn and it can be changed. And that was the effort that was made in the removal proceedings that were initiated in 2011. I had trouble understanding why that standard was met in this case. Maybe if you explained it in words, I'd get it better. Okay. So fundamentally, we have really the benefit of a district court order which dismissed a prosecution for unlawful entry after deportation. And I invite you to read that magistrate's report and recommendation because it's a very thorough and complete analysis of the immigration judge's November 16, 2001 removal order. And it's an excellent critique because the judge failed entirely to conduct the proper analysis, the tailored categorical analysis, and then the modified categorical analysis. It's real simple. In order for him to be removable in 2001, which is the crux of what he's facing now, the court would have to determine whether or not his conviction was a 237A2Bi removal offense. And to do that, you have to look at what his conviction was for possession and whether or not it related to a controlled substance that listed both on the State schedules and the Federal schedules because they're not coextensive. And there are many Ninth Circuit case laws that make clear that because they're not coextensive, you then must conduct a modified categorical analysis. And when you do the modified categorical analysis, the judge, even though the record of those proceedings in 2001 is very unclear, he's required to review the conviction documents to satisfy himself that whatever drug it was that he was supposed to have possessed is a drug that's not only listed on the State schedules but on the Federal schedules. The issue becomes a little bit more pointed when the notice to appear includes a factual allegation number 4. And factual allegation number 4 says that you were convicted, I'm just going to summarize it, convicted of possession of a controlled substance, cocaine. And he admits that. He admitted it, right? He admits that, but he admits that without knowing that there's even an analysis that needs to be done. The judge didn't inform him of that. He didn't tell him, by the way, we have to review the conviction document to see what substance it was that you possessed. And we know now that the two documents And a lot of law that's come since 2001, but in 2001, was there anything wrong with the judge saying you admit it's cocaine, so I'll treat it as cocaine? Yeah. Fundamentally wrong. Well, 2001, we have Taylor. We have Taylor before that. And the methodology has never changed. It's become more pointed and more clear over time with numerous cases that follow behind. But clearly, if the statutes are not coextensive, and they're not, involving drugs, then the Court has to do another level of analysis. And by the way, by the way, Judge, that's done with every removal charge, not just a drug charge. So if you have a crime of violence, you have to look and see whether there's a categorical match under the statute. That's been in existence since Taylor, long before 2001. That's the methodology. So did the lawyer in the 2010 proceeding, when he had the first lawyer who admitted the allegations, did he have access to the report and recommendation of the magistrate? He did, Judge. It was a mistake. How do we know that? He mentions it. It's in the transcript, actually, of those first proceedings where he appears. And he says, because here's what happens. The judge takes pleadings. He admits a 212A6CI charge, entry without inspection. And he says, oh, by the way, Judge, so you know, our argument is going to be that he's a lawful permanent resident because the November 6, 2001 order is fundamentally flawed. And he points this out. He says, Judge, we have a report and recommendation and a district court order dismissing a prosecution for unlawful entry after deportation that rests on this very deportation order. And he points out that that Federal law requires a gross miscarriage of justice, a due process violation, because there was no analysis done, no tailored categorical analysis done. And if there was one done ---- How can there be a gross miscarriage of justice if, in fact, he had cocaine, cocaine's on both schedules, he admitted he had cocaine, and even if the law in 2001 did require more, how could there be a gross miscarriage of justice if basically he was removed on account of the cocaine? Because determining removability is not conduct-based. It's not fact-based. It's conviction-document-based. Let me just ask you. So do we have case law that says that if an immigrant admits, like here, at the immigration hearing that it was cocaine, is that good enough if it's not in the ---- No. ----in the conviction records? No. I'll tell you why. Think about this. But do we have at that time, did we have any case law? Well, think about this logically, though. He could change the nature of his conviction simply by the judge eliciting facts about underlying conduct. And there are ---- Which judge are you talking about? Are you talking about the immigration judge or are you talking about ---- The immigration judge. You're talking about the criminal proceeding back in 2000? No, no. Now I'm talking fundamentally about what happened as a result of November 6, 2001 order. So your question is, isn't it enough for him to have admitted during those removal proceedings that the substance was cocaine? I'll submit to you there's a long line of board cases and Ninth Circuit cases that say it's not conduct-specific inquiry. You have to look at what's in the conviction records. You just have to. And the reason for that is fundamental to immigration law because we don't relitigate the facts. Let me ask you this. If you look at the conviction records that existed at the time, he pled guilty to a lesser-included offense. Yes, but that wasn't ---- So you know, the court had, the immigration judge had only two documents. The original information which charge him possession with intent to sell enlisted methamphetamine. We're talking about the immigration judge back in 2000? In 2001. He only had two documents. And by the way, this is pointed out quite clearly in the magistrate's report and recommendation. He had an abstract of judgment which only said he was convicted of possession of controlled substance and gave him the sentence of one year and four months. And the only other thing he had was the original information and no information with regard to the possession of controlled substance, which is what he actually pled guilty. I'm not going to reserve any time. Here's why I'm having trouble seeing the gross miscarriage of justice. If I understood this right, which I may not have, and you'll educate me if I didn't, in the 2001 hearing, after he elected to represent himself, the immigration judge asked him, quote, it's claimed that on May 11, 2001, you were convicted in the California State Court for possession of a controlled substance involving cocaine. Is that true? And Dawson answered, quote, yes. And even if the documents alone wouldn't have done the job for the government on that, where's the gross miscarriage of justice? Roberts. What you need to look at is Fung Chow. Counsel, isn't what he answered yes to is it is claimed that you had cocaine? I mean, the question, as Judge Kleinfeld just read it, says it is claimed that you had cocaine, and possessed to wit cocaine. If you look at it that way, that's probably what he was answering to. But he was probably even thinking more fundamentally. I just can't say for sure. But all of that is irrelevant. No, but wait a minute. He's saying he agreed to the fact that there was an allegation made in the court. That's my question about the way the question – I mean, sometimes these immigration judges word the questions, and I think he was trying to ask, did you possess cocaine? But that's not what he asked. You're right. He asked him about Factual Allegation No. 4, and he agreed. I guess you could read it a different way. The way you're reading it, Judge, is that he agreed with the claim made in Factual Allegation No. 4 without agreeing that he possessed cocaine. But all – what I'm really saying fundamentally to you – Well, my question to you is, if you would listen, isn't that what he was charged with? And then he pled to a lesser included – No. No, he was charged with possession of a controlled substance with intent to sell. That was the only – the only two documents that the judge had when he took his pleading. And by the way, if you look at the proceedings that occurred in this case, they are really fundamentally flawed. And they're fundamentally flawed because the judge never looks at the conviction document itself, never identifies the conviction document he relies upon, doesn't mark it, doesn't admit it, and doesn't discuss it. So there is no – this is why the magistrate's order, decision and order, and the final order dismissing that prosecution, in my view, was a wonderful evaluation of what happened in 2001, because there wasn't – there was only two documents – and by the way, just so you're clear, the magistrate pointed out, too, that they added the other thing about the guilty plea later in their argument. There were only two documents that the Court had. He had the original information, possession with intent to sell, listed meth, and then he had the abstract of judgments, which only says that he was convicted of possession. Nowhere in any of those documents is an information, a complaint, or anything – any charging document that says possession of a controlled substance is cocaine. That's what the government needs. He cannot better the charge or better his removal by admitting facts in a removal proceeding conducted 6 months later if it's not part of the record of conviction, which is what the inquiry and the Taylor and the modified – the Taylor categorical and modified categorical analysis does. Roberts. I'm mixing up two things here. One is what happens in the 2011 proceeding, and the other is what happens in the 2001 proceeding. Right. And it's a lot harder to make a collateral attack on a 10-year-old final proceeding than it is to make an attack on an ongoing proceeding. Well, I don't look at it as an attack. I look at it as an analysis. And the analysis is, did the judge in those proceedings conduct the appropriate analysis? There is none. He's served with conviction documents on the first day he appears at the master. But you know when the judge actually marks the documents and never identifies them and never looks at them and never discusses them? On October 30th, 2 weeks later. So he takes pleadings first, sustains the removal charge, and then that's on October 16, 2001. October 30th, and by the way, he sustains the charge. Then October 30th, for the first time, he says, oh, by the way, the conviction documents are identified in Group Exhibit 2, and that's all he says about them. He was barred by time, so his attorney petitioned the Department of Homeland Security to sua sponte reopen the 2001 proceedings? That was in another, that was in the original motion that was filed from the NTA resulting from the November 6, 2001 order. But you see, this is as a result of initiated, re-initiated removal proceedings with a new NTA. And we're challenging, we're just saying fundamentally, if you find, as the Federal District Court judge did, a gross miscarriage of justice and a due process violation resulting from the November 6, 2001 removal proceedings because there was no evidence of cocaine, and he can't supply that to the court six months after his conviction, you can only look at the four corners of the conviction documents and it's not there, then that's a fundamental miscarriage of justice and a due process violation, and you can't prosecute this man and you can't deport this man, and he's still a permanent resident of the United States. All right. Thank you, counsel. Thank you, Judge. Good morning, Your Honors. Good morning. May it please the Court. Bernard Joseph on behalf of the Attorney General. There's really only one issue in this appeal, and that's whether Mr. Dawson can withdraw his recent admissions and his concession of removability in what I'm going to refer to as the Homig proceedings. What proceedings? Judge Homig. There's Judge Homig and Judge Mullins. That's not really helpful to me because I go by year. Okay. I'm sorry. Well, just as a little background. What years are you talking about? Well, the issue is. Homig is which one? He's the May 1, 2012 decision of an immigration judge. But he's an immigration judge, right? Correct. But don't we review the BIA decision? Well, and what I'm trying to do is this is very muddled. This is really. I think you're not helping me right now. Well, and hopefully I can very quickly. Let's go by proceeding. Okay. Like which proceeding we're talking about. There are two proceedings that initiated in 2011. One was the proceeding that is basically in front of the court now. The other proceeding was on a motion to reopen the 2001 removal order, which basically Mr. Gonzales spent most of his time discussing. They brought this motion to reopen the 2001 removal proceedings. Is that before us now? It's not before you. So why are we talking about it? Well, because that's basically all he's argued. What's before us now is his motion to terminate the proceedings. And as he stated in the proceedings, his motion to terminate. That's within the 20. That's not. That's within the direct review. Correct. Right. And not the review of the motion to reopen. Right. And as he stated in these proceedings, that the motion to reopen at the time was still pending. And, of course, that dictates the relief he thinks he's going to be eligible for in the board decision that's in front of the court right now. The board denied the motion to reopen. There was a petition for review filed, which this court dismissed. So really what we're left with now is the 2012 decision of the board, which basically found that he did not demonstrate that circumstances existed that would allow him to withdraw his concessions and his factual admissions. Okay. Why not? Why wouldn't the magistrate judge's report and recommendation and the dismissal in the district court proceeding be sufficient to at least let him withdraw so you could do a proper Taylor categorical analysis? There are two issues there, Your Honor. First, Mr. Dawson in 2001 admitted on the record to the factual allegations in the NTA. Can an immigrant supply a factual predicate? In the pleading stage? So if you would go to the 2001 proceeding. Correct. You looked at the documents of conviction, the records of conviction. And let's assume for a moment that it doesn't show the controlled substance that he pled guilty to, that he admitted to. So the immigrant, the alien shows up at the hearing and says, oh, I, you know, it was in the, it was for, I had, what I had was cocaine. He admitted to the factual allegations. Is that sufficient to complete? At the pleading stage it is, and I'll direct the Court's attention to. Do we have any cases that say that? That the immigrant can supply a factual basis for the underlying documents? I thought this was all, you know, you look at the record of conviction. We wouldn't even get to the record of conviction in this case, Your Honor. And I'll direct the Court's attention to Pagayan, which is at 675 F. 3rd. And in that case, they drew a distinction between the pleading stage and the evidentiary stages. And at the pleading stage, you're asked whether, the immigration judge asks the immigrant whether or not they admit or deny the factual allegations and the removability charge contained in the NTA. The immigration judge can accept admissions and concessions at that stage if they're sufficient to establish removability. At that stage, Mr. Dawson admitted that he was in possession of cocaine. Therefore, Has anybody looked at the documents, though, at that point? I believe the DHS, or at that time the INS, submitted the documents to the judge. But what the judge found is the admission was sufficient to Well, what do you do about Pagayan, where I think it's a Ninth Circuit case. Correct. You're familiar with that case? I am, Your Honor. Where they make that distinction between the pleading stage and the evidentiary stage. And they say if, at the evidentiary stage, the modified categorical approach is applicable, the IJ may rely on facts admitted at the pleading stage, but may not consider any further statements made by the alien unless they are contained in the specific set of documents that are part of the record of conviction. Right. What Pagayan also says is at the pleading stage, that an alien's concession of removability or the admission of facts establishing removability relieves the government of the burden of producing the evidence. And that's what happened in this case in 2001. But your argument is that during the 2001 proceeding, when the IJ asked Dawson, it is claimed that you possessed cocaine, and he answered yes, that that is sufficient to prove that the controlled substance was cocaine? Well. Is that what you're arguing? He asks if it's true, and Mr. Dawson answers yes. But what he asks is it is claimed, right? Isn't that at least? It does say it is claimed. Right. So I think you have to concede that, because that's what's written. I agree. So at least it's ambiguous, right? His response is at the minimum ambiguous to that question. So I think since it's ambiguous and since it's been subsequently held by a magistrate judge that he shouldn't have been removable based on that, and the government withdrew its charges against him based on that, that at a minimum we should just let the Senate back and let the BIA figure this all out by looking at the correct documents and considering the whole thing. And, Your Honor, the BIA has already looked at those documents. It has looked at that argument, and it denied the motion to reopen those proceedings. But that's the other proceedings, right? Right. But if the motion to reopen is denied, he's no longer an LPR. He petitioned for review for that, and the Court dismissed that petition. The problem with that is that that's not what's before us. Did you, I don't know, did you ask us to take judicial notice of those proceedings? Did we have anything before us in that? It's in the record, Your Honor. Denial of the motion? Yes. It's in the record. The Board's decision is in the record. And the Court's dismissal of the petition for review is public record. Let me ask you a question. Okay. So back in 2001, if Mr. Dawson had just been, let's say, difficult and whatever and just said, no, I deny everything. Correct. Were the records before the IJ sufficient to establish that he had been convicted of a controlled substance? If Mr. Dawson had denied the factual allegations and the charges, the proceedings would have gone to an evidentiary stage at that point. And at that point, as it's been conceded in our brief, the record of conviction is probably not sufficient to find him. Right. But I don't see how, you know, under those circumstances, I don't know. But those circumstances don't exist here, Your Honor. Only because he admitted to it. He admitted. And his admission is binding, Your Honor. Does that mean that under, assuming that we can look at the validity of the 2001 determination, does it mean that since he admitted during what Perez Mejia calls the pleading stage, there was no need to reach what Perez Mejia calls the evidentiary stage? Correct, Your Honor. So if he had said, well, I know that my notice to appear says it was cocaine, but I'm not admitting it was cocaine, without the admission, the IJ would then open the case to the government to put on evidence that, in fact, what he was convicted of was cocaine. And then he'd get to the Taylor-Shepard analysis of whether the documents were cognizable and so forth. Is that right? That's correct, Your Honor. And as Perez Mejia says, the government's burden to present the clear and convincing evidence of deportability only applies to issues that are not resolved at the pleading stage. His admission that his conviction involved cocaine resolved that at the pleading stage. And Pagayon. Let's see. Was Pagayon, he was pro se and our guy, was represented by counsel when he conceded the correctness of the 2001. In Pagayon, the Petitioner there was pro se. In 2001, Mr. Dawson was pro se. But in 2011, he was represented, right?  In 2011, he was represented. And the 2011 concession was through counsel. Correct. It was through counsel. I'm wondering whether – I'm trying to make sense of Pagayon doesn't overrule this Mejia case, Perez Mejia. And, of course, it couldn't, being another three-judge opinion. It applies Perez Mejia. And I'm trying to figure out how to draw the line and determine which side of the line this case is on. I believe that Pagayon and Perez Mejia show that the Petitioner's case is not valid. Tell me why. Because in both Pagayon and in Perez Mejia, while in Pagayon he was pro se, he was allowed to withdraw his concessions of removability, the initial factual admissions during the pleading stage never called into question and ultimately sufficient to establish his removability. And in Pagayon and then in Perez Mejia, it says that the government's burden to present the clear and convincing evidence applies at the – applies to issues that are not resolved at the pleading stage. There's an admission here at the pleading stage that the crime in question involved cocaine, which is a controlled substance. And so you're talking about the 2001. Now, when he was represented in 2011, though, given that he had documents that showed that the – that had concluded that the 2001 removal was invalid, how could the attorney concession have been tactical under Santiago? Well, under Santiago, there are three things they have to show. One, they have to show that the admission was untrue. And since the board determined that – Well, that's really circular. Well, but if it's – if his conviction in 2001 was invalid, which is what the board found when it denied the motion to reopen, then he wasn't an LPR because his order – valid order of removal removed his LPR status. What counsel said in the – this – the issue that's before the board is he conceded he was removable as an alien who wasn't admitted with inspection or parole. And then he started to argue about LPR status, which goes to the validity of the 2001 removal order. Current counsel took over and filed the motion to reopen, making all the arguments he made this morning. And that motion to reopen was denied. So the 2001 removal order was valid. He was not an LPR. Therefore, there was nothing that was untrue in the admission that counsel made in 2011. There's really, you know, no unjust result because the board has found that the 2001 removal order was valid. Therefore, he's removable. And to the extent that it's a tactical decision, I think he made a strategic decision to concede, and then he was going to attack it through a motion to reopen. It looks to me just like the lawyer didn't understand all the technicality – you know, the – how you – how you analyze under Taylor in the modified categorical approach. He just didn't – you know, it's not an easy area of the law. I agree 100 percent, Your Honor. You know, we struggle with it all the time. Right, right. And I just think in this case, we don't ever get to it. Well, right. I mean, if you say that the admission is sufficient, that's it. Right. I mean, the case is over. Yes. But as you just acknowledged, though, if he had just been stubborn and said, I deny everything, he wouldn't have been – he wouldn't have been removed. Well, he probably would not have been removed. Right. I don't know, Your Honor. Well, the document – we can look at the document. That's what I asked you. Right. If you look at those documents, would it survive an analysis? And you – and I agree. Yeah. I looked at them, and they're not there. We – we – the government basically concedes as much in its brief, so I'm not going to argue that point. Right. I appreciate that. Thank you. Sure. Yeah. If there are no – yeah. Well, they went over and you went over even more, so, yeah. Okay. I was going to say, if there are no further questions, the government contends that the petition for review should be affirmed. Okay. Thank you, counsel. Dawson v. Lynch will be submitted. Jakuby v. Lynch has been submitted. And we'll take up Tipigaleli v. Lynch.
judges: Kleinfeld, Wardlaw, Paez